NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | | |
|---|---|---|
| TIMOTHY BORIS, on behalf of themselves and all others similarly situated; TONY F. GIRARD, on behalf of themselves and all others similarly situated; ERIKA NEWSOME, on behalf of themselves and all others similarly situated; BONNIE COOPER, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) | No. 14-55752<br><br>D.C. No. 2:13-cv-07090-ABC-FFM<br><br>MEMORANDUM* |
| Plaintiffs - Appellants, | ) ) ) | |
| v. | ) ) | |
| WAL-MART STORES, INC., a Delaware corporation; WALMART.COM, | ) ) ) ) ) | |
| Defendants - Appellees. | ) ) ) | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted April 5, 2016
Pasadena, California

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: FERNANDEZ and BEA, Circuit Judges, and SETTLE,[**] District Judge.

Timothy Boris, Bonnie Cooper, Tony F. Girard and Erika Newsome (collectively "Boris") appeal the district court's order dismissing their putative class action complaint against Wal-Mart Stores, Inc. and Walmart.com (collectively "Wal-Mart").[1] We affirm. Boris asserts that Wal-Mart sells Equate Migraine Relief ("Equate Migraine") and Equate Extra Strength Headache Relief ("Equate ES"), which contain the same active ingredients in the same amounts, but charges two or three times more for the former than it charges for the latter. Moreover, Equate Migraine is sold in a red package, whereas Equate ES is sold in a green package. He asserts that those price and color characteristics result in violations of: California's Unfair Competition Law,[2] California's False Advertising Law,[3] California's Consumer Legal Remedies Act,[4] New Jersey's Consumer Fraud

---

[**]The Honorable Benjamin H. Settle, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

[1]Boris does not challenge the district court's determination that as pled the website allegations fell with the others.

[2]Cal. Bus. & Prof. Code § 17200.

[3]Cal. Bus. & Prof. Code § 17500.

[4]Cal. Civ. Code § 1770(a)(4).

2

Act,[5] and New York's deceptive acts and practices law.[6]  He argues that the district court erred when it ruled otherwise.  We disagree.

The fatal flaw in all of Boris' claims is his assertion that the mere fact of the proximate presentation of the two products with their different colors and prices is sufficient to run afoul of those laws, even though the ingredients and their amounts are listed on the packages.  He cites no case from those states which so holds.  We see no reason to declare that those states would extend the protection of their already protective laws to cover the claims pled by Boris.  *See Ebner v. Fresh, Inc.*, __ F.3d __, __, No. 13-56644, 2016 WL 1056088, at *5 (9th Cir. Mar. 17, 2016); *see also Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012); *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th Cir. 2007); *Yingst v. Novartis AG*, 63 F. Supp. 3d 412, 416–17 (D.N.J. 2014); *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 540 (Cal. 1999); *Hill v. Roll Int'l Corp.*, 128 Cal. Rptr. 3d 109, 113, 116 (Ct. App. 2011); *Turf Lawnmower Repair, Inc. v. Bergen Record Corp.*, 655 A.2d 417, 430 (N.J. 1995); *Stutman v. Chemical Bank*, 731 N.E. 2d 608, 611–12 (N.Y. 2000); *Gomez-Jimenez v. N.Y. Law Sch.*, 956 N.Y.S.2d 54, 59 (App. Div. 2012); *Bader v. Siegel*, 657 N.Y.S. 2d 28, 29 (App.

---

[5]N.J. Stat. Ann. § 56:8-2.

[6]N.Y. Gen. Bus. Law § 349(a).

Div. 1997).

In short, as pled the complaint regarding price and color failed to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). We express no opinion on whether color or price or both could contribute to a claim under a set of circumstances not before us.[7]

AFFIRMED.

---

[7]We note that Boris did not seek leave to amend at the district court, and, indeed, did not take advantage of that court's grant of leave to amend his website allegations. Moreover, on appeal he does not raise or brief the possibility of amendment of the complaint. If there was an issue, it was waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).