UNITED STATES DISTRICT COURT 
 DISTRICT OF CONNECTICUT 

TONYA AKES, individually and on behalf of all 
others sPilmaiinlatirflfy situated, 
 Civil No. 3:22-cv-869 (JBA) 
 v. , 

BEIERSDDeOfeRnFd, aINntC ., 
 August 4, 2023 
 . 
 RULING ON DEFENDANT’S MOTION TO DISMISS 
I. Background 
 Plaintiff Tonya Akes, individually and on behalf of all others similarly situated, brings a 
class action suit against Defendant Beiersdorf, Inc. alleging violations of California’s Unfair 
Competition Law (“UCL”), California Legal Remedies Act (“CLRA”), and False Advertising 

Law (“FAL”)(collectively, the “California Statutes”)as well as unjust enrichment. The essence 
of Plaintiff’s Amended Complaint is that she was misled by the Defendant’s deceptive 
labeling on its 2.5-ounce bottle of Coppertone Sport Mineral sunscreen (“the product”) based 
on her perception that its labelling “Face 50” meant that it was “specifically designed” or 
“specifically formulated” “for use on the face.” (First Amend. Class Action Compl. [Doc. # 35] 
¶¶ 2-3). The label at issue is reproduced below: 
 Coppertone. 
 Caelaar 

 FACE 
 50 
 SOURCED ZING OXIDE 

 Serna 
 LOFLOZ (74 ml) 

(Id. J 1.) 
 Plaintiff points to three statements on the label to support her belief: “FACE,” “Won’t Run 
Into Eyes,” and “Oil Free.” (Jd. Jf 1-2.) Plaintiff calls “Won’t Run Into Eyes” and “Oil Free” 
“face-specific representations,” (id. J 14.) Plaintiff alleges that the sunscreen in this 2.5- 
ounce “FACE” packaging is identical to the sunscreen contained in Defendant's larger 5- 
ounce Coppertone Sport Mineral bottle which does not label itself with the words “FACE,” 
but is priced at half the cost per ounce. (/d. {| 3, 19.) Plaintiff's theory of the deception is that 
Defendant purports to have a specialized facial sunscreen which it sells at a premium, but 
the sunscreen sold in the “FACE” container is no different from the sunscreen sold in the 
larger (and significantly cheaper per ounce) bottles. Defendant contends that Plaintiff cannot 
rely on a price comparison between the two bottles of sunscreen to demonstrate deception 
and that Plaintiff fails to adequately plead that the “FACE” bottle is deceptive in and of itself.

 . 
(Def.’s Mem [Doc. # 46-1] at 2-3.) Defendant moves to dismiss the Amended Complaint 
arguing that Plaintiff has failed to plead that anything oIdn. the label was actually false, or that 
sIIh. e wasL ehgaarml Setda nthdraorudg h any misleading implication. ( ) 

 When deciding Defendant’s motion under Rule 12(b)(6), the Court must determine 
whether Plaintiff has stated a legally cognizable scelea iBme lbl Ay tml. Caokrinpg. v a. Tllwegoamtibolnys that, if true, 
would plausibly show that she is entitled to relief, , 550 U.S. 544, 
557 (2007), by taking all factual Saelele Cgraatwiofnosr di nv. Cthueo mcoomplaint as true and drawing all 
reasonable inferences in her favor. , 796 F.3d 252, 256 (2d Cir. 2015). 
However, this principle does not extend to “[t]hreadbarAes rheccriotaftl sv o. fI qthbae lelements of a cause 
of action, supported by mere conclusory statements.” , 556 U.S. 662, 678 
 1 
(2009) . BecIaqubsael “only a complaint that states a plausible claim for relief survives a motion 
to dismiss,” , 556 U.”.S A. raits t6a7 R9e, cao rcdosm LpLlCa ivn.t Dmoues3t contain “factual amplification . . . to 
render a claim plausible , 604 F.3d 110, 120 (2d Cir. 2010). A 
complaint that only “offers ‘labels and conclusions’” or “nakeIqdb aaslsertions devoid of further 
fTawctoumalb leynhancement” will not survive a motion to dismiss. , 556 U.S. at 678 (quoting 
 , 550 U.S. at 555, 557). 
 Additionally, because Plaintiff’s California state statutory claims are “grounded iKne farranusd v,”. 
“Ftohred pMleoatdorin Cgo as a whole must satisfy the particularity requirement of Rule 9(b).” see also 
Vizcarra v. Uni.l, e5v6e7r UF..S3.d, I 1n1c20, 1125 (9th Cir. 2009) (discussing the UCL and CLRA); 
 ., 339 F.R.D. 530, 545 n.4 (N.D. Cal. 2021) (“ Where, as here, UCL, 
FAL, and CLRA claims are premised on alleged misrepresentations in product packaging or 

1 

Unless otherwise indicated, this opinion omits internal quotation marks, alterations, 
citations, and footnotes in text quoted from court decisions. 
advertising, the claims are said to sound in fraud; accordingly, courts routinely hold that the 
cIIlIa.i ms mDiussctu bses ipolnea ded with the heightened degree of particularity required by Rule 9(b)”). 
 A. California Statutory Claims 
 1. Deception 

 To state a claim of violations of the California Statutes, Plaintiff must allege that the 
product label is misleading to reasonable consumers, such that “a significant portion of the 
general consuming Mpuoborliec ovr. oMfa trasr gPeettecda creo nUsSu,m Ienrcs., acting reasonably in the circumstances, 
could be misled.” , 966 F.3d 1007, 1017 (9th Cir. 2020) 
(analyzing claseime sa lsbor oMuagnhtti kuans dve. rK etlhloe ggU CCLo, FAL, and CLRA for false and misleading 
advertising); ., 910 F.3d 633, 636 (2d Cir. 2018). Plaintiff 
argues that this test is highly deferential to plaintiffs at the motion to dis Wmiilslisa smtas gve. G, geirvbeenr 
tPhraotd ws. hCeother or not a label is misleading “will usually be a question of fact.”
 ., 552 F.3d 934, 938 (9th Cir. 2008). Applying this deferential standard, Plaintiff 
argues that dismissal is inappropriate, where she has alleged that “based on the name, label 
statements, and higher price of Defendant’s Sport Mineral FACE lotion, reaIdso. nable 
consumers would believe that the lotion is specifically formulated for the face.” ( at 3.) 
Defendant maintains dismissal is appropriate because there is no factual issue actually in 
dispute as Plaintiff “has not alleged that any of the three label statements on the product she 
purchased is deceptive.” (Def.’s Reply [Doc. # 52] at 3.) In regard to Plaintiff’s contention that 
the product implicitly represents that it is “specifically formulated/designed for the face,” 
Defendant raises two points: first, that the label does not actually represent the product is 
specifically designed or formulated for facial use, (Def.’s Mem. at 11-12), and second, even if 
the label did implicitly represent that the product was specifically formulated or designed 
for the face, Plaintiff does not actually plead that such a representation is deceptive, and that 
“the formula in the 2I.d5.-ounce bottle (i) is unfit for use on the face, (ii) contains oils, or (iii) 
runs into the eyes.” ( at 12.) 
 In support of her deception theory, Plaintiff points to Defendant’s 5-ounce bottle, which 
sold for the same exact price as the 2.5-ounce “FACE”-labeled bottle, meaning that it is sSoelde 
for half the per-ounce cost, despite containing the identical formula of sunscreen. ( 
Amend. Compl. ¶¶ 12-13, 20, 27.) Defendant argues that the mere fact tIhda.t the 5-ounce bottle 
lacks the specific words “FACE,” “Won’t Run Into Eyes,” or “Oil Free,” ( ¶¶ 12, 16, 23) does 
not mean that the lotion in the bottle was not specifically formulated or designed for the face,. 
and that Plaintiff’s claim that it was not is unsupported by any factual allegations (Def.’s Mem 
at 14), maintaining “[t]here is nothing deceptive about emphasizing different but equally 
true aspects of a product to different market segments, or pricing pIrdo.ducts differently when 
sold to different market segments or in different retail channels.” ( at 15.) 
 Plaintiff correctly notes that California consumer protection laws “prohibit not only 
advertising which is false, but also advertising which, although true, is either actually 
mWiislllieaamdsing or which has a capWaicliltiya,m liskelihood or tendency to deceive or confuse the public.” 
 , 523 F.3d at 938. In , a fruit snack label was found deceptive because it (1) 
“us[ed] the words ‘Fruit Juice’ juxtaposed alongside images of fruits such as oranges, 
peaches, strawberries, and cherries [but] contained no fruit juice from any of the fruits 
pictured on the packaging” and (2) “describe[ed] the product as made ‘with real fruit juice 
and other all natural inIgdredients,’ even though the two most prominent ingredients were 
corn syrup and sugar.” . at 936. While it was literally true that the product contained fruit 
juice (from grapes) and other natural ingredients, the Ninth Circuit reversed the district 
court’s dismissal and found that: 
 The facts of this case . . . do not amount to the rare situation in which 
 granting a motion to dismiss [for lack of deception] is appropriate. . . . The 
 product is called ‘fruit juice snacks’ and the packaging pictures a number of 
 different fruits, potentially suggesting (falsely) that those fruits or their 
 juices are contained in the product. Further, the statement that Fruit Juice 
 Snacks was made with ‘fruit juice and other all natural ingredients’ could 
 easily be interpreted by consumers as a claim that all the ingredients in the 
Id product were natural, which appears to be false. 
. at 939. Plaintiff also points to a Second Circuit case which madSee ea Msiamnitliakra fsi,n ding when 
applying both New York and California consumer protection law. 910 F.3d at 
636-38 (holding that plaintiff sufficiently alleged deception where the packaging plausibly 
conveyed that the cracker product labeled “WHOLE GRAIN” and “MADE WITH WHOLE 
GRAIN” was predominantly made with whole grain, when in fact the grain in the crackers 
was predominantly enriched white flour.) 
 Defendant concedes that deception can be based on a false inference stemming from 
technically accurate statements, but argues that this case is distinct from the caselaw cited 
by Plaintiff because here no facts areW ailllleiagmeds showing the supposed inference itself is false. 
(Def.’s Reply at 2-3). For example, in it was technically true that there was real juice 
in the fruit snacks, but the inference that could be drawn from the labeling (that there was 
rWeailll iajumicse in the snacks from the types of fruits actually printed on the label) was false. 
 , 523 F.3d at 939. Here, the inference Plaintiff alleges is inferable from the label 
“FACE” is that the sunscreen is specially designed/formulated for thme afayce. Defendant argues 
that the challenged label at issue merely conveys that the product be used for the face 
and not that it is specifically made for facial use. Plaintiff claims this is a factusaele iaslssuoe, en.go.t 
aDpep Drioopsr Riaotder itgou beez rve. Osolélv Mede xaict athne F omoodtsion to dismiss stage. (Pl.s’ Opp’n at 7-9); , 
 , 2021 WL 1731604, at *5 (C.D. Cal. Apr. 22, 2021) (in 
a dispute as to whether tortilla packaging featuring various references to Mexico impliedly 
promised that the tortillas were made in Mexico, the court held that “to the extent that the 
parties disagree on the proper interpretation oBfr tuhteo nr evp. rGeesrebnetra Ptiroondss .. C. .o that is a question of 
fact that is premature at the pleading stage”); ., 2014 WL 172111, 
at *10 (N.D. Cal. Jan. 15, 2014) (dispute over meaning of challenged representation “is 
nFaogthainn gv . mNeourter othgaenna a C doirspp.,u te of fact not appropriately resolved on a motion to dismiss”); 
 2014 WL 92255, at *2 (C.D. Cal. Jan. 8, 2014) (rejecting motion to 
dismiss because defendant’s no-deception argument “rests on one possible interpretation of 
the lanCguulavegre ,v b. Uutn iitle ivse nro Ut nthitee do nStlya tpeos,s Isnibc.le interpretation”). 
 In , the court found no deception was pled where the 
plaintiffs argued consumers had been deceived into thinking that products had been made 
in France, based on the label containing two French words. No. CV 19-9263-GW-RAOX, 2021 
WL 2943937, at *8 (C.D. Cal. June 14, 2021) (noting label was largely in English, the French 
words did not suggest France as a place of manufacturing, and thus concluding that “the 
pleadings do not delineate a basis, other than unafpopuenadle ddis smuipsspeodsition, for a consumer to 
believe that the Products were made in France.”), , No. 21-55732, 2021 WL 
6424469 (9th Cir. Dec. 29, 2021). Here, however, the word “FACE” is prominently displayed 
front and center and Plaintiff’s claimed interpretation is plausible based on particularized 
 2 
facts alleged, and is thus sufficient to survive a motion to dismiss. 
See TCwlaork o tvh. eWr ecsatsbersa cei tNeadt ubrya Dl,e Ifnecn.,dant are not persuasive that this case should be dismissed. 
 No. 20-CV-03221-JSC, 2020 WL 7043879, at *1 (N.D. Cal. 
Dec. 1, 2020) (holding plaintiffs failed to adequately allege that reasonable consumers would 
believe that just the word “vanilla” on defendant’s vanilla soymilk product meant that the 

2 Gudgel v 
C loOrtohxe Cr ocmapsaesn y,cited by Defendant are distinguishable because they involve express 
disclaimers by the defendants undermining plaintiffs’ theories of deception. In 
 the court found the plaintiffs failed to plead consumers would be misled 
that a product was suIinta rbel Seo fnoyr G saamniintigz iNnegt wanodrk ds iasnindf Cecotniosunm, werh Deant at hSee cb. Bacrkea ochf Lthitei gbaotitotlne 
specifically stated “[n]ot for sanitization or disinfection.” 514 F. Supp. 3d 1177, 1185 (N.D. 
Cal. 2021). Likewise in , 
the court rejected the plaintiffs’ claim that Sony misrepresented the quality of its network 
security aGnudd tgheal t inteSronneyt, access for its gaming systems would be continuous, on the basis 
that Sony specifically disclaimed otherwise. 903 F. Supp. 2d 942, 968 (S.D. Cal. 2012). Here, 
unlike in and no such disclaimer exists. 
 Becerra v. 
pDrro. dPuepctp’se rv/aSneivlelan fUlapv,o Irn cw..a, s derived exclusively from the vanilla bean plant) and 
 945 F.3d 1225, 1229 (9th Cir. 2019) (affirming a Rule 12(b)(6) 
dismissal on the grounds that no reasonable consumer would believe a soda labelled “diet” 
meant the soda would help the customer lose weight). While labeling products “vanilla” or 
“diet” was found insufficiently specific to convey the particular representations that the 
plaintiffs in those cases asserted, here the use of the word “FACE” on a lotion bottle is 
plausibly understood by coSnees uamlseor sG otoo ddwififne rve. nWtiaatlger beeentwseen the intended applications of 
sunscreen—face or body. , Co., No. CV 23-147-DMG (PDX), 
2023 WL 4037175, at *3-4 (C.D. Cal. June 14, 2023) (denying a motion to dismiss where 
plaintiff claimed that a cough medicine’s label – which had the word “children” in the 
product’s name, and the words “for children,” and “Ages 4 & older” – misled customers to 
think it was “specifically formulated” for children, when in reality, the product was identical 
to the defendant’s product for adults). 
 Defendant maintains that Plaintiff’s true “gripe” is a challengeB otor isD ve.f Wenadla-Mnta’sr tp Srtiocrinesg, 
Idneccision, not any act or statement on which to premise liability. In 
 . plaintiffs brought statutory consumer fraud claims because the products “Equate 
Migraine” and “Equate Extra Strength Headache Relief” had the same formula, but different 
packagianfgf’ dand “Equate Migraine” was more expensive.” 35 F. Supp. 3d 1163, 1168 (C.D. Cal. 
2014), , 649 F. App’x 424 (9th Cir. 2016). The Ninth Circuit found “that the mere fact of 
the proximate presentation of the two products with their different colors and prices is [not] 
sufficient to run afoul of [consumer protection] laws,” aIndd noted that the products’ 
ingredients and their amounts were listed on the packages. . at 425. However, wBohriilse the 
Ninth Circuit found that the disparate pricing failed to demonstrate deception in , the 
court expressed “no opinion” on whether price “could contribute to a claim under a set of 
circumstances not before us.” 649 F. App’x at 425. 
 Defendant also argues that by grounding her Amended Complaint in the price disparity 
between two products, Plaintiff is eSfefee,c eti.gv.elPyr iansckeisnsg C trhuiiss eC Loiunrets , tLot dim. vp. Seurmpeirsisoirb lCyt .i, nterfere 
with Defendant’s pricing decisions. , 179 Cal. 

App.4th 36, 46 (2009) (holding that “[i]n the absence of legislatively crafted standards, it is 
not for us to lay down economic policy that passes on the reasonableness of charges” in a 
case alleging claims under the UCL, FAL, and CLRA). Here, however, Plaintiff is alleging that 
price disparity reinforces the deception that Defendant’s misleading “FACE” packaging 
conveys, i.e., that the 2.5-ounce bottle contained more expensive but specifically formulated 
facial sunscree2n. . Reliance 
 Under the California Statutes, a plaintiff must aSlelee gRee isdu fvf.i cJoiehnnts ofanc &ts Jtooh nshsoonw that she 
actually relied on the allegedly deceptive labeling. , 780 F.3d 
952, 958 (9th Cir. 2015). Defendant argues that Plaintiff cannot plead such reliance absent 
any allegation that she actually saw the label or price of the 5-ounce non-”FACE” lotion bottle 
(Def.’s Mem. at 17-18) before she purchased the 2.5-ounce bottle. Plaintiff responds that “the 
packaging of the Sport Mineral FACE is deceptive standing alone—no comparison 
necessary.” (Pl.’s Opp’n at 16.) 
 To be sure, Plaintiff’s reliance argument would be strengthened if she had in fact seen 
both bottles at the time of purchase, one specifically labeled “FACE” and another bottle 
without “FACE” that was marketed at half the price per ounce. But even without comparison 
to the larger and non-“FACE” bottle, Plaintiff’s claim she relied on the “FACE” label for her 
belief that the ingredients were tailored specifically for the face survives dismissal and it 
remains an open factual question for development in discovery whether the lotion (in both 
bottles) was identical and/or was formulated for facial use. 
 3. Standing 

 Defendant argues that Plaintiff lacks standing under the California Statutes because she 
has failed to plead that she suffered any actual injury. Standing requires plaintiff to “(1) 
estaebcloinsho ma ilco sins jourr ydeprivation of money or property sufficient to qualify as an injucrayu isne dfa bcyt, 
i.e. , and (2) show that the economic injury was the result of, i.e., Kwikset, 
tChoer pu.n vf.a Siur pbeursioinre Csosu prrtactice or false advertising that is the gravamen of the claim.” 
 3 
 , 246 P.3d 877, 885 (Cal. 2011) (emphasis in original). 
 Defendant misconceives Plaintiff’s claim when it maintains that Plaintiff received what 
she purportedly wanted when she purchased the 2.5-ounce bottle of Coppertone Sport 
Mineral Sunscreen: a formula that is appropriate for use on the face, is oil free, and won’t run 
into her eyes, and that Plaintiff has not alleged that the product she purchased was worth 
less than what she paid for it. (Def.’s Mem. at 19.) Plaintiff’s claim is that she paid more for 
Defendant’s facial sunscreen product, and she did not receive the benefit of the bargain, 
because she did not get a lotion specially formulated for facial use. This articulation of 
economBi.c injurUyn sjuufsftic Eens rtioc mhmeeetn tth e standing requirement. 
 Count V is a claim for quasi-contract and unjust enrichment, on the basis that the 
deceptive and misleading labeling led Plaintiff and the nationwide class to purchase the 
“FACE” lotion product at two times the price charged for the non-“FACE” product. (Amend. 
Compl. ¶¶ 84-88.) Plaintiff clarifies that she is not pleading unjust enrichment as a 

 Kwikset 
3 
 While involvSeees ,o en.gly. Hthaen UseCnL v a. nNde wFAegLg, .ncoomt t hAem CeLrRicAas, ,b Iontch., parties treat the standing 
requirement as functionally the same for all three statutes. California courts have reached 
the same conclusion. , 25 Cal. App. 5th 714, 724, 
(2018) (“For the purposes of this appeal, the parties agree that the CLRA's standing 
requirements are effectively identical to those of the UCL and FAL, and that we may thus 
analyze the question of standing under each statute concurrently.”) 
“freestanding claim,” but as a remedy for her quasi-contract claim thacti tsinhge pAasitdia an ap rve.m Hiuamin 
Cfoerl east iparl oGdrupc.t, Ibnacsed on deceptive labelling. (Pl.’s Opp’n at 20-21, 
 ., 783 F.3d 753, 762 (9th Cir. 2015) (“[w]hen a plaintiff alleges unjust 
enrichment” as a free-standing claim, “a court may construe the cause of action as a quasi-
contract claim seeking restitution”).) 
 Defendant urgSeees Hthaartt vt.h BisH Hsi,d LeL-sCtepping of California’s bar on unjust enrichment 
claims is ineffective. , No. 15-cv4804, 2016 WL 2642228, at *5 (S.D.N.Y. 
May 5, 2016) (finding “persuasive” the “majority of courts” that have come to the conclusion 
that unjust enrichment claims are not cognizable). Alternatively, Defendant argues that 
Plaintiff cannot seek restitution because equitable remediesq u“wotiilnl gnoCto lblien sg viv. eenM awchhes.n, Inthce 
plaintiff’s remedies at law are adequateIn.” r(eD Hefa.’rsd M Deimsk. Datr i2v3e .S, uspensio n Assemblies Antitrus.t, 
2Li0t2ig Caatilo. nApp. 4th 249, 260 (2011).) In 
 , the Northern District of California court found that where plaintiffs have chosen 
to sue in tort under the UCL, their unjust enrichment claims were duplicative aancdc oorudg Shitlv beer 
dv.i sSmtriispsee Idn.c No. 19-md-2918, 2021 WL 4306018, at *24 (N.D. Cal. Sept. 22, 2021); 
 Ast.i,a Nnoa. 4:20-cv-8196, 2021 WL 3191752, at *8 (N.D. Cal. July 28, 2021). 
 Post- , district courts in California have been divided on whether an unjust 
enrichment/quasiG-acognetttraa cvt. Wclaailmma crat,n I nbce. brought as an alternative theory of liability to 
statutory claims. found that “[w]hile restitution-seeking claims may 
ultimately be inconsistent with tort claims of fraud, plaintiffs may bring Gbaogthet tcalaims.” No. 
3:22-CV-03757In- WreH hOa, r2d0 D22is Wk DL r1iv7e81292S4il, vaetr * 1v.0 S (tNri.pDe. Cal. Dec. 19, 2022). expressly 
distinguishes andA stiana Id. , iAns tthiaanta both cases cite to California 
district court decisions issued prior to . Since , “[s]everal decisions in [the 
Northern District of California] have permitted what were previoVusallye nccoian svi.d Veorlekdsw taog bene 
sGurpp.e orffl uAomu. sI nucnjust enrichment claims to survive the pleading stage.” see also In re 
 , 119 F. Supp. 3d 1130, 1142 (N.D. Cal. 2015) (collecting cases); 
Welspun Litig 
 ., No. A1s6ti aCnVa 6792 (VB), 2019 WL 2174089, at *13 (S.D.N.Y. May 20, 2019) 
(holding that post- , “the extent [to which] plaintiffs’ restitution claimAs tiisa dnuap licative 
or superfluous . . . is not grounds for dismissal” in California). Based on and the 
weight of the caselaw that follows it, the Court concludes that the alleged duplicative nature 
of Plaintiff’s restitution claim is not a basis for dismissal. 
 Additionally, Defendant asserts that Plaintiff fails to meet the “stringent injury 
requirement” for her restitution claimP ebteecrsaouns ev .s Cheel lgcoot P tahret neexrcshhaipnge she expected, even if 
induced by mDisuinrfroerllm v.a Sthioanr po rH feraaluthdc. a re , 164 Cal. App. 4th 1583, 
1593 (2008); , 183 Cal. App. 4th 1350, 1370–71 (2010). Defendant 
argues that “Plaintiff wanted a sunscreen specifically formulated/designed for use on the 
face, and she received it.” (Def.’s Reply at 7). Defendant overlooks that whether the sunscreen 
 4 
IisV s. peciCfiocnalclylu fsoiromnu lated for the face remains a factual dispute requiring discovery. 
 For the foregoing reasons, Defendant’s Motion to Dismiss [Doc. # 46] is DENIED. 
 IT IS SO ORDERED. 

 ___ /s/ 
 Janet Bond Arterton, U.S.D.J. 

 Dated at New Haven, Connecticut this 4th day of August, 2023 

4 
 Defendant’s last argument that Beiersdorf could have simply charged more for the 5-ounce 
product instead of less for the 2.5-ounce product Sfeaeil s Aastt itahnias stage because Defen dant 
implicitly rests its argument on the notion that the 2.5-ounce bottle is not deceptive, which 
Plaintiff has adequately pled to the contrary. , 783 F.3d at 762 (the 
“straightforward statement” that defendant “‘entic[ed] plaintiffs to purchase their products 
t hrough false and misleading labeling, and that [defendant] was unjustly enriched as a result” 
is sufficient to state a claim for quasi-contract).